**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marcos Soto-Mendoza, | No. CV-16-00791-TUC-CKJ |
| Petitioner, | **ORDER** |
| v. | |
| United States of America, | |
| Respondent. | |

Pending before the Court is Petitioner's Motion to Grant Bail to Movant Pending the Disposition of the § 2255. (Doc. 23). In Petitioner's habeas petition, he alleges ineffective assistance of counsel. In support of his Motion to Grant Bail, Petitioner cites *Martin v. Solem* for the proposition that district courts have the inherent power "to enlarge a state prisoner on bond pending hearing and decision on his [or her] application for a writ of habeas corpus." 801 F.2d 324, 329 (8th Cir. 1986) (citing *In re Wainwright*, 518 F.2d 173, 174 (5th Cir.1975)).

Despite Petitioner's citation to *Martin v. Solem*, in this Circuit, it is unclear whether the Court has the authority to grant bail pending the resolution of a habeas petition. *See United States v. McCandless*, 841 F.3d 819, 822 (9th Cir. 2016) ("We have not yet decided whether district courts have the authority to grant bail pending resolution of a habeas petition, and we need not resolve that question today."). If the Court does have that authority, it "is reserved for extraordinary cases involving special circumstances or a high probability of success." *Land v. Deeds*, 878 F.2d 318, 318 (9th Cir. 1989).

Petitioner claims that his case involves an "exceptional circumstance" and writes:

> The exceptional circumstance is the fact that the benefit of having obtained justice via § 2255 will be lost due to release long after the time any just sentence would have expired. The errors, both by counsel and the Government in this matter have cost Movant severely. He has been incarcerated ever since 2011. He desires release pending the disposition of this matter to enable him to be with his family and begin to put his life back together. A "win" will be hollow if it comes any later.

(Doc. 23, pg. 2).

As best the Court can discern from Petitioner's argument, Petitioner claims that even if his habeas petition is successful, any relief he would receive would be "hollow" because he would have already served a larger sentence than what he should have served. Petitioner has provided no further evidence that his case is "extraordinary" or involves a "special circumstance." "Examples of such circumstances include the raising of substantial claims upon which the appellant has a high probability of success, a serious deterioration of health while incarcerated, and unusual delay in the appeal process." *Salerno v. United States*, 878 F.2d 317, 317 (9th Cir. 1989). Petitioner has provided no indication that his situation is sufficiently "special" to permit release on bail. What Petitioner requests is a complete circumnavigation of the judicial process. The Court cannot rectify a theoretical future injustice by granting bail at this time.

IT IS HEREBY ORDERED:

1. Petitioner's Motion to Grant Bail to Movant Pending the Disposition of the § 2255 (Doc. 23) is **denied**.
2. Petitioner's Request to Submit for Decision the Disposition of the 2255 or Bail Motion (Doc. 24) is **denied**.

Dated this 5th day of February, 2019.

Honorable Cindy K. Jorgenson
United States District Judge